UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMSON BLAIR,

       Plaintiff,

  v.

SUNY UNIVERSITY AT BUFFALO and DEBRA STREET,

       Defendants.

**DECISION AND ORDER**

17-CV-1317

## I. INTRODUCTION

In this action, Plaintiff Samson Blair seeks damages and injunctive relief against SUNY University at Buffalo ("SUNY") and the chairperson of its Sociology Department, Debra Street, for violations of his rights under the Americans with Disabilities Act and the Rehabilitation Act.

Before this Court is Defendants' motion for judgment on the pleadings, or, in the alternative, for reconsideration, pursuant to Rules 12 (c) and 60 of the Federal Rules of Civil Procedure (Docket No. 15.) For the following reasons, Defendants' motion will be granted.

## II. BACKGROUND

On February 11, 2020, this Court dismissed most of Blair's original causes of action, but allowed two of his claims to proceed to discovery. Blair v. SUNY Univ. at Buffalo, No. 17-CV-1317S, 2020 WL 695870, at *1 (W.D.N.Y. Feb. 11, 2020). This Court found that Blair had stated a claim against Debra Street for retaliation under the Rehabilitation Act, brought pursuant to 42 U.S.C. § 1983, and against SUNY for retaliation

1

under the same act. This Court noted that the question of whether a Rehabilitation Act claim against an individual could be brought pursuant to § 1983 was not yet decided in the Second Circuit, but followed its own precedent in finding that such a claim could proceed. Id. at *10 (citing Stahura-Uhl v. Iroquois Cent. Sch. Dist., 836 F. Supp. 2d 132, 146 (W.D.N.Y. 2011)).

Shortly after this Court's decision and order, the Second Circuit issued a binding decision in Costabile v. N.Y. City Health and Hosps., 951 F.3d 77 (2d Cir. Feb. 24, 2020). Addressing a question of first impression, the Second Circuit held that "the rights established in the Rehabilitation Act may not be enforced through § 1983." Id. at 83.

Defendants then moved for judgment on the pleadings or, in the alternative, for reconsideration, in light of this new precedent. Blair opposes Defendants' motion. For the following reasons, this Court will grant Defendants' motion for judgment on the pleadings as to Blair's claim against Street.

### III.  DISCUSSION

**A.   Legal Standards**

**1.  Rule 12 (c)**

Rule 12 (c) provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. Pr. 12 (c).

In deciding a Rule 12 (c) motion, a court must "employ[ ] the same ... standard applicable to dismissals pursuant to [Rule] 12(b)(6)." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011). It will accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Id. (citing Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir.2009).

**2. Rule 60**

Rule 60 (b) enumerates certain circumstances under which a district court may relieve a party from a final judgment, including mistake, inadvertence, surprise, or excusable neglect, and any other reason that justifies relief.  Fed. R. Civ. P. 60 (b)(1) and (6).  Generally, a Rule 60 (b) motion should be granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice."  Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60 (b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances").

The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). The decision whether to grant or deny a motion to reconsider lies in a court's discretion.  See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

**B.   New Second Circuit precedent warrants judgment on the pleadings as to Blair's claims against Street**

Defendants argue that the Second Circuit's holding in Costabile means that Blair's claim against Street must be dismissed.  Blair argues that the Second Circuit's holding in Costabile does not apply to Blair's claim against Street.

Section 1983 creates a cause of action to redress the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "[Section] 1983 does not provide an avenue for relief every time a state actor violates a

3

federal law." City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 120, 125 S. Ct. 1453, 161 L. Ed. 2d 316 (2005). "[T]o sustain a § 1983 action, the plaintiff must demonstrate that the federal statute [allegedly violated] creates an individually enforceable right in the class of beneficiaries to which [she] belongs." Id. at 120. "Even after this showing, 'there is only a rebuttable presumption that the right is enforceable under § 1983.'" Id. (quoting Blessing v. Freestone, 520 U.S. 329, 341, 117 S. Ct. 1353, 137 L.Ed.2d 569 (1997)). "The defendant may defeat this presumption by demonstrating that Congress did not intend that remedy for a newly created right." Id.

When determining whether a federal statute can be enforced under § 1983, the "primary emphasis [is] on the nature and extent of that statute's remedial scheme." Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 253, 129 S. Ct. 788, 794, 172 L. Ed. 2d 582 (2009). "When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." Id. (quoting Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Assoc., 453 U.S. 1, 20, 101 S. Ct. 2615, 69 L. Ed. 2d 435 (1981)).

At the time of this Court's decision and order, the Second Circuit had not yet directly addressed the question of whether the Rehabilitation Act's remedial scheme precluded suits brought pursuant to § 1983. Other circuits had held that § 1983 suits were not available to enforce Rehabilitation Act rights. See, e.g., A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 805–06 (3d Cir. 2007) ("There is nothing in Section 504 [of the Rehabilitation Act] that … causes us to conclude that Congress intended to allow § 1983 to be available to remedy Section 504 violations such as those alleged by A.W…. Accordingly, we conclude that § 1983 is not available to provide a remedy for defendants'

4

alleged violations of A.W.'s rights under Section 504.")

In its earlier decision in this case, this Court found such suits consistent with the Rehabilitation Act's remedial scheme. Blair, 2020 WL 695870, at *1 (citing Stahura-Uhl, 836 F. Supp. 2d at 146 ("[B]ecause the remedial scheme under Title IX and Title VI are nearly identical and because the Supreme Court [in Fitzgerald] has instructed that a Title IX claim can be vindicated under § 1983, this Court has no trouble concluding that the same analysis applies to Title VI, and by extension the Rehabilitation Act. Applying that analysis leads to the inevitable conclusion that the Rehabilitation scheme is not "comprehensive" and does not preclude a parallel § 1983 claim.")).

But in Costabile, the Second Circuit held that the comprehensive remedial scheme of the Rehabilitation Act means that Congress did not intend that § 1983 be an available remedy for Rehabilitation Act rights. Costabile, 951 F.3d at 83.

Blair argues that Costabile is not applicable to his claim against Street, but this Court disagrees. Costabile clearly holds that that the rights established in the Rehabilitation Act cannot be enforced through § 1983. Therefore, Blair's rights under the Rehabilitation Act, including against retaliation, cannot be enforced through a §1983 suit against Street, and Blair has not stated a claim upon which relief can be granted. This Court will therefore dismiss Blair's Rehabilitation Act claim against Street arising under §1983.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motion for judgment on the pleadings is granted.  Because Blair's Rehabilitation Act retaliation claim against Street cannot be brought under §1983, this Court finds dismissal of that claim appropriate. This decision

does not affect this Court's finding that Blair has stated a claim against SUNY for retaliation under the Rehabilitation Act.

## V.  ORDER

IT HEREBY IS ORDERED, that Defendants' Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED.

FURTHER, that Blair's claim against defendant Street is DISMISSED.

FURTHER, that the Clerk of Court is directed to remove defendant Street from this proceeding.

FURTHER, that Magistrate Judge Foschio shall continue to direct this case pursuant to this Court's Order (Docket No. 11.)


SO ORDERED.


Dated:     July 7, 2020
           Buffalo, New York


                                                     s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                             United States District Judge